**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

**LETTER REPORT AND RECOMMENDATION**

July 23, 2014

*All counsel of record via ECF, Plaintiff via certified mail*

Re:   **NIBLACK V. UMDNJ, et al.**
      **Civil Action No.: 14-01831 (JLL) (JAD)**

Dear Mr. Niblack and Counsel:

Before the Court is Plaintiff's motion to remand his case to state court, (the "Motion to Remand"). (ECF No. 16). For the reasons below, the Court recommends that Plaintiff's Motion to Remand be **DENIED.**

On September 9, 2013, Plaintiff filed a complaint in the Superior Court of New Jersey Law Division: Essex County, asserting violations of his civil rights while incarcerated within the New Jersey Department of Corrections. (Complaint, ECF No. 1 at Ex. A ¶¶ 3-4). Specifically, Plaintiff alleges that he was not afforded emergency dental care after some teeth had been extracted. (Id. ¶ 1). The case was removed to federal court on March 21, 2014, less than 30 days after receipt by Defendants of the Complaint. (See Not. of Removal, ECF No. 1).

Title 28, § 1441(a) of the United States Code permits a defendant to remove a civil action in state court to a federal court where the action could have been filed originally, that is, where the

1

federal court has subject matter jurisdiction over the action. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Section 1446 outlines the procedures for removal, and Section 1447 outlines the procedures following removal. 28 U.S.C. §§ 1446, 1447. Defects in removal may be procedural or jurisdictional. Under 28 U.S.C. § 1446(b)(1), a defendant has thirty days to remove a case, and this time limit "is a procedural provision, not a jurisdictional one." Farina v. Nokia Inc., 625 F.3d 97, 114 (3d Cir. 2010) (citing Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 614 (3d Cir. 2003)). In turn, a plaintiff's "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Jurisdictional defects, however, may be raised at any time. Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996).[1] Defendant bears the burden of demonstrating that removal was proper. Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007); see also Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009) (describing burden as "heavy"). The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987)).

The Court finds Defendants have met their burden of proof, showing removal was proper. Throughout his complaint, Plaintiff is essentially raising conditions of confinement claims (which is premised on his alleged inability to get dental treatment and dentures) where he consistently asserts federal constitutional violations which establish jurisdiction with this court.

---

[1] The Court notes that a party may challenge the removal of an action from state court to federal court on two grounds, either jurisdictional or any other defect. 28 U.S.C. § 1447(c). However, Motions to remand based on jurisdiction defects may be made at any point in the proceeding while motions based *any* other defects must be made within thirty days of removal. Id. Thus, to the extent Plaintiff raises arguments for remand premised on non-jurisdictional defects, these are time barred pursuant to 28 U.S.C. § 1447(c) as this motion is raised well in excess of the thirty day time limit and must be denied.

(Complaint, ECF No. 1 at Ex. A ¶¶ 1-5). Specifically, Plaintiff alleges that the policies governing dental care are in "conflict with the United States Constitution" and that the defendants were deliberately indifferent to Plaintiff's dental needs. (Id. ¶1). He further alleges that the named defendants working at Central Reception Assignment Facility, "acquiesced in and condoned with the unconstitutional conduct," and their "deliberate indifference to the mandates of the United States and New Jersey Constitutions to properly and adequately train… is the moving force behind the constitutional violations." (Id. ¶2). Likewise, these policies and conditions were allegedly present in Southern State Correctional Facility as well, where Defendant, Ronald Riggins allegedly acquiesced in and condoned with the unconstitutional conduct and displayed deliberate indifference to his dental needs "which was in violation of the United States and New Jersey Constitutions," and "creates an atmosphere of acceptance of Constitutional deprivations." (Id. ¶¶ 3-4).

Plaintiff further alleges that other named Defendants did not require staff to "adhere to the mandates of the United States and New Jersey Constitutions," which created "an atmosphere of acceptance of Constitutional deprivations." (Id. ¶5). Plaintiff contends that these Defendants failed to train staff to follow constitutional mandates. (Id.). Plaintiff alleges the policies and practices surrounding dental care "violate the plaintiff's and other similarly situated prisoners' constitutional rights." (Id.). Again, Plaintiff alleges that Defendants demonstrated deliberate indifference with respect to his dental needs, and this alleged failure to train "is the moving force behind the constitutional violations." (Id.). Plaintiff has alleged that State Defendants actions or inactions are violations of the U.S. Constitution, as such, this Court has proper jurisdiction pursuant to 28 U.S.C. § 1331 to address the federal question raised in his Complaint. Plaintiff essentially brings this action pursuant to 42 U.S.C. § 1983 which

is raising Eighth Amendment conditions of confinement claims- alleging that the policies surrounding dental care, failure to train staff, and defendants deliberate indifference are, as he states in his complaint, "the moving force behind the constitutional violations" of which his complaint is based. (Id. ¶¶2, 5). Here, removal was properly made and this Court has proper jurisdiction over the Constitutional claims.

Accordingly, Defendant timely removed the case to federal court in accordance with 28 U.S.C. §1446 and this case was properly removed to federal court on the grounds of federal question jurisdiction. Therefore, the Court respectfully recommends that Plaintiff's Motion to Remand, (ECF No. 16), be **DENIED**.

SO ORDERED

JOSEPH A. DICKSON, U.S.M.J.

cc: Hon. Jose L. Linares, U.S.D.J.