NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STANLEY L. NIBLACK,<br><br>        Plaintiff,<br>v.<br><br>UNIVERSITY OF MEDICINE AND<br>DENTISTRY OF NEW JERSEY, et al.,<br><br>        Defendants. | Civil Action No.: 14-01831 (JLL)(JAD)<br><br><br>**ORDER** |

**THIS MATTER** comes before the Court by way of Stanley L. Niblack ("Plaintiff")'s motion to remand the present matter to state court pursuant to 28 U.S.C. § 1447. This Court referred Plaintiff's motion to the Honorable Joseph A. Dickson, United States Magistrate Judge, pursuant to 28 U.S.C. § 636 (b)(1)(B). Magistrate Judge Dickson filed a Report and Recommendation in connection with said application on July 23, 2014. In his Report and Recommendation, Magistrate Judge Dickson recommended that Plaintiff's motion to remand be denied. For the reasons set forth below this Court adopts Magistrate Judge Dickson's findings as its own findings of fact and conclusions of law.

By way of background, Plaintiff filed his initial Complaint in New Jersey Superior Court in Essex County on September 9, 2013, wherein he asserted violations of his civil rights while incarcerated within the New Jersey Department of Corrections. (*See* Complaint at ¶¶ 3-4, CM/ECF No. 1 Ex. A). In particular, Plaintiff's Complaint asserted constitutional violations by Defendants resulting from his inability to receive dental care. (Complaint at ¶ 5). On March 21, 2014, Defendants removed the present matter to this Court. (CM/ECF No. 1). Plaintiff filed

1

his motion to remand on May 23, 2014. (CM/ECF No. 16). On July 23, 2014, Magistrate Judge Dickson filed a Report and Recommendation in which he recommended a denial of Plaintiff's motion to remand. (CM/ECF No. 23). Plaintiff now objects to Magistrate Judge Dickson's Report and Recommendation on the basis that Magistrate Judge Dickson's finding that Plaintiff exceeded the thirty day time period to file a motion to remand failed to delve into Plaintiff's basis for filing the motion to remand outside of the thirty day time period. (*See* Pl.'s Objection 1, CM/ECF No. 26). In particular, Plaintiff argues that Magistrate Judge Dickson "g[ave] no complete statement or opinion in addressing his analysis of plaintiff's alleged untimeliness in seeking to remand this matter." (*See* Pl.'s Objection 1).

It is well established that when a magistrate judge addresses motions that are considered "dispositive," such as a motion to remand, a magistrate judge will submit a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1)(c); *see also* L. Civ. R. 72.1(c)(2). Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have the force of law unless and until the district court enters an order accepting or rejecting it. *See United Steelworkers of Am. v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

The standard of review of a magistrate judge's determination depends upon whether the motion is dispositive or non-dispositive. For dispositive motions, the district court must make a *de novo* determination of those portions of the magistrate judge's Report to which a litigant has

2

filed an objection. 28 U.S.C. § 636(b)(1) (c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2).

Under 28 U.S.C §§ 1441 and 1446, a party may remove a civil action from state court to federal court if the district court has original jurisdiction over the action and the party removing the action does so within thirty days after receipt of the initial pleading. Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). As the party invoking federal subject matter jurisdiction, a removing party bears the burden of proving that jurisdiction exists. *Samuel-Basset v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

After a careful reading of the Report and Recommendation filed by Magistrate Judge Dickson, this Court now adopts such findings of fact and conclusions of law as its own for the following reasons. Plaintiff's Complaint raises conditions of confinement claims, stemming from his inability to receive dental treatment and dentures, in which he asserts federal constitutional violations by Defendants. (*See generally* Complaint). Accordingly, Magistrate Judge Dickson determined that this Court has federal subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, and Plaintiff has not objected to this finding. (Report and Recommendation 3; Pl.'s Objection 1). With regard to Plaintiff's objection to the Report and Recommendation on the basis that Magistrate Judge Dickson did not sufficiently analyze the timeliness of Plaintiff's motion to remand, this Court finds that Plaintiff's argument is without merit.[1] In particular, Plaintiff argues that Magistrate Judge Dickson erred because he failed to

---

[1] Plaintiff's objection to the Report and Recommendation concedes to Magistrate Judge Dickson's finding inasmuch as Plaintiff states that, "[f]rom what plaintiff has gleaned from [Magistrate Judge] Dickson['s] decision is essentially that I was out of time due to the thirty days of removal for a remand based on procedural defects. In which your

3

delve into or even mention Plaintiff's basis for filing the motion to remand outside the thirty day time frame. (Pl.'s Objection 1). However, Magistrate Judge Dickson addressed the timeliness of Plaintiff's motion to remand in a footnote of his Report and Recommendation. (*See* Report and Recommendation 2). Specifically, Magistrate Judge Dickson correctly provided that pursuant to 28 U.S.C. § 1447(c) motions to remand based on jurisdictional defects may be raised at any time. (Report and Recommendation 2 n.1); *see also* 28 U.S.C. § 1447(c). However, motions to remand based on any other defects must be made within thirty days of removal. *See Uddin v. Sears, Roebuck & Co.*, CIV.A. 13-6504 JLL, 2014 WL 316988 at *3 (D.N.J. Jan. 27, 2014) (citing 28 U.S.C. § 1447(c)) ("[A] plaintiff's 'motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)'"); (Report and Recommendation 2 n.1); *see also* 28 U.S.C. § 1447(c). Plaintiff's motion to remand was filed on May 23, 2014, well after thirty days of Defendants' notice of removal which was filed on March 21, 2013. (CM/ECF Nos. 1; 16). At that time, Plaintiff raised procedural defects in Defendants' notice of removal as the basis for remand. (CM/ECF No. 16). In his Report and Recommendation Magistrate Judge Dickson did not err in declining to discuss the reasons why Plaintiff's motion may have been untimely. *See Air-Shields, Inc. v. Fullam*, 891 F.2d 63, 66 (3d Cir. 1989) (internal citation and quotation marks omitted) (holding that where the district court remanded a case for procedural defects after the thirty day limit imposed by 18 U.S.C. § 1447(c) had expired, "the district court exceeded [its] statutorily defined power"). Thus, Plaintiff's motion to remand was properly denied as time barred because it is based on non-jurisdictional defects and the motion was filed well after the

---

honor is absolutely correct pursuant to 28 U.S.C. § 1447(c)". (Pl.'s Objection 1).

4

thirty day time limit.[2]  (CM/ECF Nos. 1; 16).  For the aforementioned reasons, the Court finds that Magistrate Judge Dickson's determinations were not in error.

**Accordingly,**

**IT IS** on this **14th day of August, 2014**,

**ORDERED** that the Report and Recommendation of Magistrate Judge Dickson, filed on July 23, 2014 (CM/ECF No. 23) is hereby **ADOPTED** as the findings of fact and conclusions of law of this Court; and it is further

**ORDERED** that Plaintiff's motion to remand (CM/ECF No. 16) is **denied**.

Jose L. Linares
United States District Judge

---

[2] Additionally, it is clear from reviewing the docket that Plaintiff had access to the docket during the thirty days following the filing of Defendants' notice of removal, during which time Plaintiff made a number of filings.  (*See* CM/ECF Nos. 3, 4, 6, 7).

5