**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STANLEY L. NIBLACK,<br>Plaintiffs,<br>v.<br>UNIVERSITY OF MEDICINE AND DENTISTRY OF NEW JERSEY, et al.,<br>Defendants. | Civil Action No. 14-1831 (JLL) (JAD)<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Plaintiff Stanley Niblack's Motion to Remand this matter to the New Jersey Superior Court (the "Motion to Remand"). (ECF No. 16). The Hon. Jose L. Linares, U.S.D.J referred the motion to this Court for a Report and Recommendation. Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument on this matter. On July 23, 2014, this Court issued a Letter Report and Recommendation, and recommended that the District Court deny Plaintiff's Motion to Remand. (ECF No. 23). Though Plaintiff filed a timely objection, the District Court ultimately adopted this Court's Report and Recommendation. (ECF No. 34). Plaintiff subsequently filed a motion for reconsideration of that decision, (ECF No. 38), which the District Court granted. (ECF No. 83). In granting Plaintiff's motion for reconsideration, the District Court referred the Motion to Remand to this Court for clarification of whether this Court considered certain letters in making its recommendation (and, if not, whether consideration of those letters would alter this Court's recommendation). (Id.). Upon consideration of the parties' submissions and a complete review of the docket for this matter, and for the reasons

stated below, it is the recommendation of this Court that Plaintiff's Motion to Remand be **GRANTED**.

## I. RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Plaintiff commenced this matter by filing a complaint in the Superior Court of New Jersey, Law Division, Essex County Vicinage, on or about September 9, 2013, alleging that Defendants violated his civil rights by failing to provide him with appropriate dental care while he was in the custody of the New Jersey Department of Corrections. (Compl., ECF No. 1, ¶¶ 3-5). On March 21, 2014, Defendants New Jersey Department of Corrections, Gary Lanigan, Dr. Ralph Woodward, Louis Coella and Charles Ray Hughes (collectively, the "State Defendants") filed a Notice of Removal, asserting that the District Court had federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331. (Not. of Removal, ECF No. 1 at 2).[1] In support of their Notice of Removal, counsel for the State Defendants represented that the attorney for Defendants University of Medicine and Dentistry of New Jersey ("UMDNJ")), James Gonzalez and University Correctional Healthcare ("UCH") (the only other defendants known to have been properly served at the time), consented to removal. (Id. at 3). From the Court's review of the docket, it appears that Defendants UMDNJ, Gonzalez and UCH did not themselves provide the Court with any explicit manifestation of their consent to removal until September 19, 2014. (ECF No. 69). These Defendants first provided the Court with implicit notice of their agreement to proceed in federal court when they filed their initial disclosures on the docket on April 22, 2014 (ECF No. 8)

By letters dated April 4, 2014 and April 10, 2014 (and filed, along with a letter to Magistrate Judge Clark, under cover of a separate letter to the Clerk of the Court), (ECF No. 5),

---

[1] The removing defendants represented that their Notice of Removal was timely, as Plaintiff served Defendant Hughes on February 20, 2014. (Not. of Removal, ECF No. 1 at 2).

2

Plaintiff wrote to the Hon Faith S. Hochberg, U.S.D.J. to request an extension of his time to file a formal motion to remand this case to the New Jersey Superior Court. (Id. at 2-3). Plaintiff sought that extension based on his allegations that he had been assaulted and deprived of his "legal documents" while incarcerated. (Id. at 3). In his April 10, 2014 letter, Plaintiff sought to "apprise this court" that defendants' removal was "procedurally defective." (Id. at 2). Specifically, Plaintiff argued that the State Defendants failed to submit copies of certain of the documents served upon those defendants while the matter was pending in the Superior Court, in violation of 28 U.S.C. § 1446. (Id.). Plaintiff also expressly contended that "[a]ll defendants that were served in this matter at time of removal never agreed to the removal of this matter." (Id.). The District Court did not take any action on Plaintiff's request for a stay, and the case was ultimately reassigned to the Hon. Jose L. Linares, U.S.D.J. and the undersigned on June 4, 2014. (ECF No. 19).

On May 23, 2014, Plaintiff filed a formal motion to remand this matter to the New Jersey Superior Court, raising both jurisdictional and procedural arguments. (ECF No. 16). First, Plaintiff contended that the District Court lacked subject matter jurisdiction over this case, as the State Defendants failed to establish that his claims arose under federal law. (Id. at 9-23). Plaintiff also argued that the State Defendants' removal was procedurally defective, claiming that certain defendants "waived" their right to proceed in federal court, that fewer than all of the then-served defendants joined in or effectively consented to the removal, and that the removal was time-barred. (Id. at 23-33). Unaware that Plaintiff had previously identified certain specific procedural defects in his April 10, 2014 letter to Judge Hochberg, this Court found that all of Plaintiff's non-jurisdictional arguments were time-barred pursuant to 28 U.S.C. § 1447(c) (requiring that any motion to remand based on a non-jurisdictional defect be filed within 30 days after a notice of

3

Case 2:14-cv-01831-JLL-JAD   Document 94   Filed 01/09/15   Page 4 of 12 PageID: 881

removal is filed), and therefore declined to consider them.[2] (ECF No. 23 at 2, n. 1). After determining that Plaintiff's claims implicated federal law and, in turn, were sufficient to create federal subject matter jurisdiction under 28 U.S.C. § 1331, this Court recommended that the District Court deny Plaintiff's Motion to Remand. (Id. at 3-4). The District Court subsequently adopted that recommendation, over Plaintiff's objection. (ECF No. 34).

By letter dated August 15, 2014, Plaintiff made an informal application for reconsideration of the District Court's decision to deny his Motion to Remand, and specifically noted the letters he had previously submitted to Judges Hochberg and Clark. (ECF No. 38). By Order dated September 15, 2014, Judge Linares required Defendants to submit responses addressing Plaintiff's motion for reconsideration, in general, and the "substance" of Plaintiff's non-jurisdictional arguments for remand, in particular. (ECF No. 66). Defendants responded by arguing, once again, that Plaintiff's procedural arguments were time-barred, (ECF No. 71 at 2-3), and that counsel for Defendants UMDNJ, James Gonzalez and UCH had provided the State Defendants with timely, verbal consent for removal. (ECF No. 71 at 3; ECF No. 69 at 1). By Order dated October 10, 2014, Judge Linares granted Plaintiff's informal motion for reconsideration. (ECF No. 80). Specifically, Judge Linares referred to the letters that Plaintiff submitted to the Clerk of the Court, Judge Hochberg and Judge Clark prior to filing his formal Motion to Remand, (id. at 4), and found:

> [B]ased on Judge Dickson's Report and Recommendation, it is unclear whether or not Judge Dickson had the opportunity to review these letters at the time he considered whether this action should be remanded. It is also unclear whether the content of these letters would have affected Judge Dickson's analysis (particularly concerning the timeliness of Plaintiff's remand motion). In the

---

[2] The United States Court of Appeals for the Third Circuit has clearly held that a District Court may not sua sponte address potential procedural defects in the removal process. See In re FMC Corp. Packaging Sys. Div., 208 F.3d 445, 451 (3d Cir. 2000) ("We hold that the District Court exceed[s] its authority . . . when it remand[s] . . . actions, sua sponte, based on . . . procedural defects in the petition for removal.").

4

> interest of fairness, and given the content of Plaintiff's letters, the fact that this case was reassigned *after* those letters were submitted, and this Court's inability to assess whether or not these letters were considered by Judge Dickson in rendering his Report and Recommendation, this Court declines to address Plaintiff's remand arguments on the merits and instead grants Plaintiff's motion for reconsideration and remands Plaintiff's motion to Magistrate Judge Dickson for clarification as to whether or not these letters were considered in rendering his decision and, if not, so that he may have an opportunity to reconsider Plaintiff's motion to remand in light of said letters.

(Id. at 4) (emphasis in original).

As noted above, this Court did not have occasion to review the substance of those letters prior to issuing the initial Letter Report and Recommendation in connection with Plaintiff's Motion to Remand. While those letters were attached to Plaintiff's brief, Plaintiff string-cited to them, in passing, in the final substantive paragraph of his lengthy, handwritten submission. Moreover, he cited those letters in support of his general statement that Defendants hindered his ability to "timely address this matter" and that Plaintiff previously sought judicial assistance in that regard. (ECF No. 16-1 at 33). Though Plaintiff argued that he had "stated [his] objection for the record as to all aspects contained in the notice of removal", (id.), he did so without making any citation to the record. Plaintiff certainly did not indicate that had used one of those letters as a means of identifying various alleged, procedural defects in the State Defendants' removal. Finally, though Defendants argued that Plaintiff's procedural arguments were time-barred in their opposition to Plaintiff's Motion to Remand, (ECF No. 17 at 6-8), Plaintiff did not file a reply addressing that argument, let alone pointing the Court to his April 10, 2014 letter. In any case, this Court will now revisit Plaintiff's Motion to Remand in light of the content of Plaintiff's April 2014 letters.

## II.  LEGAL STANDARD

### a.  Removal and Remand - Generally

Section 1441(a) of Title 28 allows removal of a civil action from state court to federal court if the federal court has original subject matter jurisdiction over the action. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). A federal district court has original subject matter jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). This is known as "diversity jurisdiction." An action can be removed on the basis of diversity jurisdiction only "if there is a complete diversity between all named plaintiffs and defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005). This "complete diversity" requirement prohibits removal if a plaintiff and any defendant are citizens of the same state. Kaufman v. Allstate N.J. Insur. Co., 561 F.3d 144, 148 (3d Cir. 2009). An action may also be removed if it includes a claim arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1441(a). This is commonly known as "federal question jurisdiction."

A removing defendant must also comply with a procedural requirement set forth in 28 U.S.C. § 1446(b)(1), which requires a removing defendant to file a notice of removal within thirty days of service of a summons and compliant. Di Loreto v. Costigan, 351 F. App'x 747, 751 (3d Cir. 2009). Additionally, in matters removed solely on the basis of federal question jurisdiction under 28 U.S.C. §1441(a), the removing defendant is also required to obtain the consent of all other defendants properly joined and served in the action. 28 U.S.C. § 1446(b)(2)(A).

Finally, as the United States Court of Appeals for the Third Circuit has clearly stated, removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Steel

Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987)). To that end, 28 U.S.C. § 1447(c) provides, in pertinent part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

### III. ANALYSIS

#### a. Subject Matter Jurisdiction

The State Defendants removed this matter to the United States District Court on the basis of "federal question" subject matter jurisdiction under 28 U.S.C. § 1331. (Not. of Removal, ECF No. 1). This Court conducted a full jurisdictional analysis (which Plaintiff has never taken issue with) in its Letter Report and Recommendation. (ECF No. 23 at 1-4). As the facts and the law relevant to Plaintiff's subject matter jurisdiction argument remain unchanged, so too does this Court's analysis of that issue. The Court therefore incorporates its previous jurisdictional discussion herein by reference, and, once again, determines that the District Court may properly exercise federal question subject matter jurisdiction over Plaintiff's claims. Thus, resolution of Plaintiff's Motion to Remand necessarily turns on the procedural soundness of the State Defendants' removal.

#### b. Plaintiff's Procedural Arguments

As noted above, Plaintiff raised a number of procedural challenges in his Motion to Remand. (ECF No. 16). 28 U.S.C. § 1447(c) provides, in pertinent part, "[a] motion to remand the case on the basis of any defect <u>other than lack of subject matter jurisdiction</u> must be made within 30 days after the filing of the notice of removal under [28 USCS § 1446(a)]." (emphasis added). Here, the State Defendants filed their Notice of Removal on March 21, 2014. (ECF No. 1). Plaintiff, therefore, would have had to file any procedural challenges to that removal on or before Monday, April 21, 2014. As Plaintiff did not file his formal Motion to Remand until May

7

23, 2014 it initially appears (and this Court originally found in its July 23, 2014 Letter Report and Recommendation) that any procedural arguments contained therein would be statutorily time-barred. The record reflects, however, that Plaintiff made certain procedure-based objections to the State Defendants' removal in a letter to Judge Hochberg (dated April 10, 2014) that he filed with the Clerk's Office on April 14, 2014, a full week before the expiration of his deadline under 28 U.S.C. § 1447(c). This Court must therefore first determine if this pro se litigant's informal, procedure-based objections to the State Defendants' removal are sufficient to satisfy the statutory timing requirements. If so, the Court must next determine which (if any) procedural arguments Plaintiff actually preserved in his April 10, 2014 letter. Finally, for any argument thus preserved, the Court must analyze its relative merits.

The Court first turns to the question of whether the April 10, 2014 letter to Judge Hochberg, in which Plaintiff, a pro se litigant, listed certain alleged, procedural defects inherent in the State Defendants' removal, is sufficient to preserve those procedural arguments in light of the strict time bar set forth in 28 U.S.C. § 1447(c). The State Defendants argue that Plaintiff's letter "cannot be seen to validly preserve his claims as he failed to state anything apart from his discontent with removal." (ECF No. 71 at 3). The Court finds that, in addition to being factually inaccurate (as noted above, Plaintiff explicitly identified certain specific, alleged procedural defects in his letter), (ECF No. 6 at 2), the State Defendants' statement regarding the import of Plaintiff's April 10, 2014 letter objection is wrong as a matter of law. In <u>Wiltz v. Middlesex County Office</u>, 249 F. App'x 944, 948 (3d Cir. 2007), the United States Court of Appeals for the Third Circuit confronted a situation where, as here, a pro se plaintiff filed an informal objection to removal listing certain alleged procedural defects (including that certain defendants did not join in or consent to removal) shortly after removal, but did not file a formal motion to remand within the 30 day period set forth

in 28 U.S.C. § 1447(c). The Third Circuit rejected the defendants' argument (virtually identical to the State Defendants' position on the "timeliness" issue in this case) that the plaintiff had lost her right to challenge procedural defects in the removal at issue by failing to raise them in a formal motion within 30 days, finding that, "[g]iven the liberal construction given to pro se filings, [Plaintiff's informal "objection"] was adequate to raise and preserve [her] objection to removal." Id. This Court finds that the Court of Appeals' rationale in Wiltz supports the same outcome here. As Plaintiff identified certain procedural defects in the State Defendants' removal in his April 10, 2014 letter to Judge Hochberg, he adequately preserved those challenges.

The Court must next determine which specific procedural objections Plaintiff preserved in his April 10, 2014 correspondence. First, Plaintiff unequivocally stated that "[a]ll defendants that were served in this matter at the time of removal never agreed to the removal of this matter." (ECF No. 6 at 2). Second, Plaintiff argued that the State Defendants failed to provide the District Court with copies of all certain necessary documents served prior to removal, in violation of 28 U.S.C. § 1446. Finally, Plaintiff appears to have made some sort of waiver argument, contending that because certain unnamed defendants filed a motion to dismiss while the matter was pending in the Superior Court, they demonstrated that their "intentions were to proceed in State Court." (Id). The Court will address each of these issues in turn.

### i. Consent to Removal

Pursuant to 28 U.S.C. §1446(b)(2)(A), where, as here, a matter is removed solely under 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." (emphasis added). This is known as the "rule of unanimity." Although the rule of unanimity does not require each defendant to sign the actual notice of removal, courts generally require each defendant served in the action to provide "some form of

9

unambiguous written evidence of consent to the court in a timely fashion." Michaels v. New Jersey, 955 F. Supp. 315, 321 (D.N.J. 1996) (emphasis in original); accord Lakatos v. Monmouth County Dep't of Corr., No. 13-5701, 2014 U.S. Dist. LEXIS 9079, *5 (D.N.J. Jan. 22, 2014) (Thompson, J) ("Here, Defendant Shah did not sign the notice of removal. Therefore, Defendant Shah was required to file a separate written consent to removal within 30 days of the date he was served."); Burns v. City of Hoboken, No. 10-5754, 2011 U.S. Dist. LEXIS 76879, *5-7 (D.N.J. July 15, 2011) (Salas, J.) (noting that the rule of unanimity requires that all properly served defendants either join in the removal or provide the court with their timely, written consent); Collins v. Baxter Healthcare Corp., 949 F. Supp. 1143, 1146 (D.N.J. 1996) (Rodriguez, J) ("[T]he court cautions that formal expressions of consent, in the form of certifications or joining in the notice of removal by signing the notice, will be required within the time provided for under 28 U.S.C. § 1446."). Moreover, a removing defendant may not submit consent to the Court on behalf of non-removing defendants. Michaels, 955 F. Supp. at 321; Burns, 2011 U.S. Dist. LEXIS 76879, at *5. Finally, § 1446(b)(2)(A) requires that actual, contemporaneous consent be obtained from all defendants "properly joined, served," and after-the-fact pronouncements of consent are "of no moment." Cacoilo v. Sherwin-Williams Co., 902 F. Supp. 2d 518, 524 (D.N.J. 2012) ("[t]he subsequent filing of an untimely notice of consent is of absolutely no moment, does nothing to cure the defect in the removal procedure, and is properly rejected by the Court.").

In their Notice of Removal, the State Defendants noted that Plaintiff served Defendant Hughes with the Complaint on February 20, 2014. (Not. of Removal, ECF No. 1, at 2). Pursuant to 28 U.S.C. § 1446(b)(2)(B), therefore, Defendant Hughes was required to file a notice of removal on or before Monday, March 24, 2014. He timely filed that notice on March 21, 2014. (ECF No. 1). In accordance with 28 U.S.C. § 1446(b)(2)(A), all other defendants who had been served at

the time of removal (the record reflects that this group consisted of Defendants New Jersey Department of Corrections, Gary Lanigan, Dr. Ralph Woodward, Louis Coella, UMDNJ, James Gonzalez and UCH) were required to "join in or consent to" Hughes' removal. Moreover, under the case law discussed in the preceding paragraph, those defendants were required to notify the Court of their joinder/consent, in writing, before the March 24, 2014 deadline for removal. Defendants New Jersey Department of Corrections, Gary Lanigan, Dr. Ralph Woodward and Louis Coella complied with that requirement, as they each expressly joined in Hughes' removal.[3] Defendants UMDNJ, James Gonzalez and UCH, however, did not. While the State Defendants' counsel represented that the attorney for Defendants UMDNJ, Gonzalez and UCH verbally consented to removal, (Not. of Removal, ECF No. 1, at 3), such relayed consent is not legally sufficient. See, e.g., Michaels, 955 F. Supp. at 321. As Defendants UMDNJ, Gonzalez and UCH did not provide the Court with effective notice of their consent to removal on or before the March 24, 2014 deadline, the State Defendants' removal was procedurally defective. This Court therefore recommends that this matter be remanded to the Superior Court of New Jersey.

### ii. Plaintiff's Other Procedural Challenges

As the Court has already determined that Defendants' failure to satisfy the unanimity rule set forth in 28 U.S.C. § 1446 requires that the matter be remanded, it need not address the merits of Plaintiff's other procedural arguments.

---

[3] The Court questions whether it was procedurally proper for these defendants to "join" in the removal, as opposed to simply consenting to it. Plaintiff served each of those defendants with the Complaint on February 6, 2014. (Not. of Removal, ECF No. 1 at 2). Their deadline for effectuating a removal, therefore, expired on Monday, March 10, 2014. While 28 U.S.C. § 1446(b)(2)(C) permits an earlier-served defendant to "consent to" another defendant's removal even after the earlier-served defendant's time to remove has expired, the statute does not authorize the earlier-served defendant to "join" in such a removal. In any case, these defendants' written attempt to join in Hughes' removal certainly provides the written manifestation of consent to removal required under 28 U.S.C. § 1446(2)(A) and related case law.

## IV.  CONCLUSION

For the foregoing reasons this Court respectfully recommends that Plaintiff's Motion to Remand, (ECF No. 16), be **GRANTED,** and that this matter be remanded to the New Jersey Superior Court, Law Division, Essex County Vicinage.

_____  1/9/15
JOSEPH A. DICKSON, U.S.M.J.

Cc:   Hon. Jose L Linares, U.S.D.J.